IRVING, J., for the court.
¶ 1. An Oktibbeha County jury found Melvis Minor guilty of the sale of cocaine. Minor filed a post-trial motion for a JNOV or, in the alternative, for a new trial. That motion was denied, and this appeal ensued. Minor’s sole appellate contention is that the verdict is not supported by the evidence. He challenges both the sufficiency and weight of the evidence.
¶ 2. Discerning no reversible error, this Court affirms the judgment of the trial court.
FACTS
¶ 3. Stacey James, a narcotics investigator from Arkansas, was engaged by agents of the Tri-County Narcotics Task Force in Starkville to make undercover street level drug purchases in Oktibbeha County.
¶ 4. To prepare for the undercover work, James was briefed about the operation by members of the Tri-County Narcotics Task Force. An undercover vehicle was wired for video and audio surveillance. James also was supplied with an evidence bag and money. He was instructed to drive to the community known as Blackjack in Oktibbeha County and make contact with any suspected drug dealers and purchase controlled substances from them.
¶ 5. James drove to Blackjack and made contact with Minor. Minor sat in the vehicle with James, and James negotiated a crack cocaine purchase. James gave Minor forty dollars, and Minor left the vehicle. Within a few minutes, Minor returned to the vehicle and gave James a small rock-like substance suspected of being crack cocaine.
¶ 6. After Minor handed James the crack cocaine, he asked James for some of it. James refused and instead gave Minor five dollars in an effort to placate him since Minor wanted some of the cocaine for going to get it.[1] James turned the substance over to Agent Dave Holley of the Tri-County Narcotics Task Force who submitted it to the State Crime Laboratory for testing. Brandi Goodman of the crime lab testified that she tested the substance and found it to be cocaine.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Minor argues that the evidence is insufficient to support the verdict and that the verdict is against the overwhelming weight of the evidence. Minor fleshes out his argument with the assertion that *358 James sent him to buy the crack cocaine, and that James paid him five dollars for getting it. According to Minor, this made him James’s employee, and, since James was acting as an agent of the Tri-County Narcotics Task Force, he too became an agent. Therefore, he was not violating the law when he participated in the drug transaction.
¶ 8. “In determining whether a jury verdict is against the overwhelming weight of the evidence, [appellate courts] must accept as true the evidence which supports the verdict and will reverse only when convinced that the [trial] court has abused its discretion in failing to grant a new trial.” Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). “Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will [an appellate court] disturb it on appeal.” Id. (citing Benson v. State, 551 So.2d 188, 193 (Miss. 1989)). “Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict.” Id. (citing Mitchell v. State, 572 So.2d 865, 867 (Miss.1990)).
¶ 9. Our standard of review in a challenge to the sufficiency of the evidence is different, yet well established. We may reverse only where all credible evidence, along with all reasonable inferences, consistent with guilt and viewed in the light most favorable to the prosecution is such that a fair and reasonable jury could not find the defendant guilty. Gibby v. State, 744 So.2d 244, 245(¶ 6) (Miss.1999).
¶ 10. Minor makes an ingenious argument. However, the jury did not buy it, and neither do we. In following the prescribed standard of review, we find that the trial court did not err in denying Minor’s motion for a JNOV or for a new trial. There was more than ample physical as well as testimonial evidence to support the finding that Minor illegally sold and transferred crack cocaine to James. Minor offered no evidence that he was acting in an agency capacity with the Tri-County Narcotics Task Force when the sales transaction occurred.
¶ 11. We find no merit in Minor’s sole suggestion of error. Therefore, we affirm the judgment of the trial court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS’ POST-RELEASE SUPERVISION AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. Apparently, Minor obtained the cocaine from another unidentified individual.